IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR559 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| RONDEL P. WYLIE, | ) | <u>GOVERNMENT'S OBJECTION TO RE-</u> |
| | ) | <u>OPENING OF THE SENTENCING</u> |
| Defendant. | ) | <u>HEARING</u> |

Now comes the United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Brian S. Deckert Assistant United States Attorney, and hereby files this objection to the re-opening of the sentencing hearing.

**I.    PROCEDURAL HISTORY**

RONDEL P. WYLIE was indicted on September 26, 2018, for one count of Felon in Possession of a Firearm and/or Ammunition, in violation of 18 U.S.C. § 922(g)(1). (R. 7: Indictment, PageID 12-13). On November 20, 2018, WYLIE pled guilty to the indictment without a plea agreement. On February 25, 2019, the pretrial services and probation department submitted its final presentence report ("PSR"). R. 15: PSR, PageID 57-76). The PSR established WYLIE's offense level at 24 pursuant to U.S.S.G. § 2K2.1(a)(2) due to his prior convictions for Aggravated Assault and Conspiracy to Possess with Intent to Distribute. (R. 15: PSR, PageID 60-61).

The PSR detailed the extent of WYLIE's criminal history, of which only 9 points scored, placing him in criminal history category IV. (R. 15: PSR, PageID 68). WYLIE received a 3-level reduction for acceptance of responsibility. With a level 21 and a criminal history category IV, WYLIE's guideline imprisonment range was 57-71 months. (R. 15: PSR, PageID 70).

On March 28, 2019, a sentencing hearing was held during which both the Defendant and the Government were afforded the opportunity to allocute concerning WYLIE's sentence. Neither party had an objection to the PSR. This Court reviewed the PSR and agreed with the sentencing guideline calculation as submitted in the PSR. This Court reviewed the factors set forth in 18 U.S.C. § 3553(a) and chose to vary downward one level to an offense level 20 with a criminal history category IV. This Court then imposed a sentence of 51 months with three years of supervised release.

On April 12, 2019, sixteen days after the sentencing hearing, this Court held a teleconference attended by representatives of the Government and WYLIE. This Court indicated that it had thought about the previously imposed sentenced and believed that it did not fashion the appropriate sentence and wanted to adjust it. The Court asked for input from the parties as to how to address the situation and the Government stated that any such modification of a sentence could not be accomplished by journal entry, but rather should be at another hearing. A re-sentencing hearing was scheduled for April 24, 2019. After reviewing case law on the matter, this Court cannot hold another sentencing hearing as it does not appear to be correcting a "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).

## II.  LAW AND ARGUMENT

Under Sixth Circuit Court of Appeals case law, this Court, which had sentenced WYLIE to 51 months on March 28, 2019, cannot re-open the sentencing proceeding once it has announced its sentence except in very narrow circumstances.

A district court "may not modify a term of imprisonment once it has been imposed," except as "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure" or if the Sentencing Commission subsequently lowers the defendant's sentencing

2

range.  18 U.S.C. §§ 3582(c)(1)(B) & (c)(2).  Rule 35, in turn, authorizes the district court to "correct a sentence that resulted from arithmetical, technical, or other clear error" "[w]ithin 14 days after sentencing."  Fed. R. Crim. P. 35(a).  None of these circumstances are present here.  Instead, this Court originally sentenced WYLIE to 51 months, announcing the same in open court, after a sentencing hearing.   From that point forward, WYLIE's sentence was final.  This is so regardless of whether the court had also memorialized the sentence in a written judgment order.  Indeed, Rule 35(c) makes clear that "sentencing" refers to the court's "oral announcement" of the sentence.  Fed. R. Crim. P. 35(c).  Accordingly, after orally pronouncing WYLIE's sentence, this Court lacks authority to revisit it outside of Rule 35's narrow confines.

      The Sixth Circuit Court of Appeals has twice reversed a district court's decision to impose a sentence different than it had announced in court by reopening the proceedings.  For instance, in United States v. Arroyo, 434 F.3d 835 (6th Cir. 2006), the district court originally imposed a 41-month sentence based on a substantial assistance departure.  On the Government's motion for reconsideration of the sentence because the court failed to include the statutory mandatory minimum in the court's Guideline calculation, the court reopened the proceedings, concluded that it had incorrectly calculated the defendant's Guidelines range before it had considered the substantial assistance departure, and imposed a new 51-month sentence.  Id. at 837-38.  The Sixth Circuit Court of Appeals reversed the district court's judgment, concluding that the court "exceeded its authority pursuant to Rule 35(a)," id. at 836, which does not "afford the court the opportunity to change its mind about the appropriateness of the sentence" or "reopen issues previously resolved." Id. at 838 (quoting United States v. Galvan-Perez, 291 F.3d 401, 406 (6th Cir. 2002)).  Instead, the Sixth Circuit Court of Appeals held that Rule 35(a)

3

authorizes only the correction of "an obvious error or mistake that would have resulted in a remand by this Court." Id. (citation omitted).

Similarly, in United States v. Houston, 529 F.3d 743 (6th Cir. 2008), the district court originally imposed a 12-month sentence, but on the defendant's motion for reconsideration, the court concluded that it had failed to consider certain factors and imposed a revised sentence of probation. Id. at 746-47. When the Government objected under Rule 35, the court reinstated its 12-month sentence, which the defendant appealed. Id. at 748. In affirming the district court's decision to reinstate the original 12-month sentence, the Sixth Circuit Court of Appeals held that "[t]he district court lacked authority under Rule 35(a) to alter the sentence originally imposed." Id. at 753. Further, the alleged errors in the defendant's reconsideration motion "did not constitute the sort of 'clear error' that [the district court] was at liberty to correct." Id. at 749.

Arroyo and Houston therefore confirm Rule 35(a)'s application here, namely, this Court cannot reconsider the 51-month sentence imposed at the March 28, 2019, hearing. Although this Court may believe that it did not make an appropriate balancing of the factors in 3553(a), Rule 35(a) does not allow the Court to "reopen" a "previously resolved" issue and "change its mind about the appropriateness of the sentence." Fed. R. Crim. P. 35, advisory committee note. "Rule 35(c)[, now Rule 35(a),] is intended to permit the district court to correct 'obvious' sentencing errors, 'but not to reconsider, to change its mind, or to reopen issues previously resolved under the guidelines, where there is no error.'" United States v. Aguirre, 214 F.3d 1122, 1126 (9th Cir. 2000) (quoting United States v. Portin, 20 F.3d 1028, 1030 (9th Cir. 1994) (per curiam)).

### III. CONCLUSION

This Court announced its sentence on March 28, 2019, following a hearing on the matter. Now, this Court has scheduled a re-sentencing hearing to adjust the sentence but it does not

appear to be in order to correct an "arithmetical, technical, or other clear error." A "clear error" is something that would require reversal by the Court of Appeals and remand for re-sentencing. This Court applied the factors contained in 18 U.S.C. § 3553(a) in announcing its prior sentence, and even varied down one level, so it does not appear that there is anything about the sentence that would require reversal. For those reasons, Federal Rule of Criminal Procedure 35 does not allow for a re-sentencing and thus the Government would object to it.

          Respectfully submitted,

          JUSTIN E. HERDMAN
          United States Attorney

By:  /s/ Brian S. Deckert
      Brian S. Deckert (OH: 0071220)
      Assistant United States Attorney
      United States Court House
      801 West Superior Avenue, Suite 400
      Cleveland, OH 44113
      (216) 622-3873
      (216) 522-8355 (facsimile)
      Brian.Deckert@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 16th day of April 2019, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

                                                  /s/ Brian S. Deckert
                                                  Brian S. Deckert
                                                  Assistant U.S. Attorney